UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GREG STINSON                                                                                          PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:07-CV-144-S

NEW AGE TECHNOLOGIES, INC.                                                             DEFENDANT

## **MEMORANDUM OPINION**

This matter is before the court on motion of the defendant, New Age Technologies, Inc., ("New Age" or the "Company") for summary judgment. The plaintiff, Greg Stinson ("Stinson"), has sued New Age for claims arising out of his employment with the Company. New Age contends that Stinson lacks standing to pursue these claims and that the doctrine of judicial estoppel precludes him from asserting them as well.

Stinson was employed by New Age from 1997 until October 14, 2005, at which time he voluntarily terminated his employment. On September 30, 2005, Stinson gave notice to New Age of his resignation. Stinson filed a voluntary petition for Chapter 7 bankruptcy protection in the United States District Court for the Western District of Kentucky on October 12, 2005. On February 22, 2006, the bankruptcy court ordered his debts discharged.

On December 20, 2006, before obtaining the discharge, Stinson filed a complaint in Kentucky state court, alleging that New Age breached a 1996 promise to make him an equity owner of the Company and that in 2005, it violated Kentucky's wage and hour law by failing to pay him commissions and a bonus. Stinson did not list these claims in his bankruptcy petition schedules. On March 16, 2007, New Age removed the state court action to this court. The bankruptcy court

entered a final decree discharging the trustee, and closing the bankruptcy case on March 21, 2007. However, that same day, the bankruptcy court set aside the final decree and reopened the case. On July 3, 2007, Stinson amended his bankruptcy schedules to include the claims against New Age.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. V. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

New Age contends that because Stinson's claims against the Company are property of the bankruptcy estate, Stinson lacks standing to pursue them. We agree. A debtor seeking protection under the federal bankruptcy laws has a mandatory, affirmative duty to disclose all legal or equitable property interests to the bankruptcy court. *See* 11 U.S.C. § 521(a)(1). Such property constitutes the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1). It is "well established" that causes of action are

- 3 -

interests in property that are required to be disclosed by the debtor and included in the bankruptcy estate. *In re Van Dresser Corp.*, 128 F.3d 945, 947 (6th Cir. 1997). Property in the bankruptcy estate remains estate property unless abandoned or administered during the bankruptcy proceedings. *See* 11 U.S.C. § 554. The bankruptcy trustee has the exclusive right to pursue any of the debtor's claims that are property of the estate. *See* 11 U.S.C. § 704(a)(1); *see also In re Van Dresser Corp.*, 128 F.3d at 947 ("debtor's appointed trustee has the *exclusive* right to assert the debtor's claim") (emphasis in original).

It is clear that the claims asserted in this action are the property of the bankruptcy estate and that the trustee has not abandoned them. As such, Stinson is not the proper party to prosecute them. In his memorandum opposing New Age's motion for summary judgment, Stinson admits that this is so. Because Stinson lacks standing to pursue these claims, we will grant New Age's motion for summary judgment and dismiss this action. Inasmuch as we find Stinson's lack of standing dispositive of this case, the court need not determine whether the doctrine of judicial estoppel would operate to bar Stinson's claims as well.

A separate order will be entered herein this date in accordance with this opinion.